BOLIN, Judge.
This is an action in tort for damages resulting from a collision between automobiles driven by Mrs. Frances D. Riley, wife of Edwin A. Riley, Jr., and Larry Taylor, minor son of Lawrence Taylor. Susan and Paula Riley, minor daughters of Mr. and Mrs. Riley, were guests in the Riley vehicle. Mrs. Riley and Susan suffered personal injuries. Made defendants were Lawrence Taylor and the liability insurer of the Taylor automobile. For reasons orally assigned the lower court réndered judgment in favor of Mr. Riley for $638.25 for expenses incurred by the community and for $500.00 as administrator of his minor child. Mrs. Riley was awarded $2,-000.00 for personal injuries. All defendants have appealed.
The accident happened in Bossier Parish, Louisiana, while both vehicles were traveling north on a blacktop state highway at approximately 10:00 o’clock in the morning during a misting rain. The Taylor automobile was overtaking and attempting to pass the Riley automobile. Defendants contend Mrs. Riley was in the act of turning left from the highway into a private driveway when the "impact occurred. Plaintiffs contend Mrs. Riley contemplated making a left turn but she had not in fact begun her turn when the accident occurred. Resolution of this one issue, purely factual in nature, is determinative of liability.
Mrs. Riley resided on the east side of the aforementioned highway. Immediately preceding the accident she drove her vehicle from her home, turned right and proceeded north along the highway in order to visit Mrs. Linda Thurman, a neighbor who lived on the west side of the highway approximately three-quarters of a mile away.
The two drivers were the only eyewitnesses testifying during the trial to the essential elements of the accident although Mrs. Thurman testified she was looking out of a front window of her home and observed the collision. Mrs. Riley said she no *483 ticed the Taylor vehicle approaching from the south as she drove from her driveway and started north to her neighbor’s residence. However, she admitted she did not keep a constant observation to the rear in order to ascertain whether she could safely make the left turn into the Thurman driveway. The impact occurred approximately 70 feet before Mrs. Riley reached her neighbor’s driveway. Mrs. Riley contends she gave a proper signal for a left turn by means of an electric blinker light and also put her foot on her brake pedal so as to cause the brake light to come on but that she never at any time got over the center line of the highway to her left.
Larry Taylor’s version of the accident conflicts somewhat with that given by Mrs. Riley. He testified he was operating his vehicle at approximately SO miles per hour; that he was in the process of passing Mrs. Riley when she suddenly veered her vehicle to the left. In an effort to avoid an accident he says he put his brakes on, turned to the right, attempted to maneuver his car behind the Riley car but his brakes locked causing him to strike the left rear of the Riley automobile.
It is undisputed that following the collision the Riley car went into the ditch on the right side of the road and the Taylor car left the highway on the left side and came to rest in the ditch against the Thurman driveway.
The state trooper who arrived shortly after the accident was unable to testify as to the exact point of impact or to give any definite evidence as to whether Mrs. Riley had actually begun her left turn at the time of the accident. Mr. Riley also arrived shortly after the accident and took s.ome photographs of the scene but his testimony is of little value in determining how the accident happened. The testimony of Mr. Taylor, father of Larry, likewise is of little aid in deciding whether Mrs. Riley had actually begun her left turn. We are not impressed with the testimony of Mrs. Thurman, as it relates to the crucial issue, since she was in her house approximately 125 feet from the point of impact.
Appellants specify the lower court erred in finding Larry Taylor guilty of any negligence proximately causing the accident and in failing to find Mrs. Riley guilty of contributory negligence. In support of these contentions we have been cited to .the provisions of the Highway Regulatory Act governing left turns on state highways (La.R.S. 32:101) and the jurisprudence thereunder imposing the responsibility upon a motorist desiring to make a left turn to ascertain that such a maneuver can be made safely and that if a collision occurs the burden rests heavily on the left-turning motorist to show that he is free from fault.
We have no quarrel with appellants’ statement of the law. The crucial question is whether the accident occurred while Mrs. Riley was in her proper lane of travel or whether she had begun her left turn so as to cross over the center line of the highway as Larry Taylor was in the process of passing her vehicle. If she never left her right lane this is not a left-turn case and appellants’ legal argument is not applicable, nor would it be material whether she observed to the rear or gave any signals.
In most automobile accident cases there are conflicts and inconsistencies in the testimony and this case is no exception. The trial judge who saw, heard and observed the demeanor of the witnesses found the accident was caused by the negligence of Larry Taylor and we are unable to find error in this judgment.
The award to Mr. Riley of $638.25 for expenses incurred by the community is not questioned on appeal and is amply supported by the record.
Mrs. Riley’s injuries consisted of a myoligamentous strain of the cervical and lumbar spine with the usual residual pain. We find no abuse of discretion on the part of the trial judge in awarding Mrs. Riley $2000.00 for her personal injuries.
*484 The minor, Susan Elaine Riley, also suffered a myoligamentous strain of the cervical and lumbar spine but of a very mild nature, . for which the lower court awarded $500.00. This award is not excessive and is affirmed.
For the reasons assigned the judgment appealed from is affirmed at appellants’ cost.
Affirmed.